## In re SIMMONS.

### Patent Appeal No. 2663.

Court of Customs and Patent Appeals.
March 31, 1931.

Kwis, Hudson & Kent, of Cleveland, Ohio (Watts T. Estabrook, of Washington, D. C., and W. E. Williams, of Cleveland, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application for a patent, which application contained two claims, and which was for an alleged improved process of making relieved conical taps. In his specification and drawings, the appellant discloses a method by which a cylindrical hob with relieved teeth is caused to be rotated with its teeth in contact with the surface of the blank, the axis of the cutting hob to be parallel with the surface of the conical tap or parallel with its surface when it is completed in the form desired. The hob is caused to rotate very rapidly, as compared to the speed of the rotation of the grooved tap blank, the latter preferably making but one revolution for the complete tap threading operation, during which time the hob is moved longitudinally of the tapered blank and toward the large end thereof a distance of approximately the pitch distance of the tap, that is, the adjacent threads thereof. The hob also has a lateral motion to cut the tap threads in each row in a relieved form.

The Examiner rejected the claims on the following references: Müller, 1,155,432, October 5, 1915; Müller, 1,273,904, July 30, 1918; Taylor, 331,167, November 24, 1885. This rejection was affirmed by the Board of Appeals.

The appellant admits that the Müller references show tap cutting mechanisms which operate upon cylindrical grooved tap blanks in the same method appellant discloses here. But he argues this is not a sufficient reference upon which his claims may be refused, because he has applied this idea to the cutting of a conical tap, which has not before been done. The Board of Appeals properly states, in our opinion, that the Taylor device referred to is an anticipation of this idea. Taylor shows the cutting of a conical threaded bushing by a cylindrical hob by the same method proposed by appellant here. Appellant is claiming here, not a device patent, but a process patent, namely, a patent upon a process for cutting taps by disposing the axis of the hob and the surface of the tap blank parallel to each other. That method was fully disclosed by Taylor, and whether Taylor used it in cutting taps or in cutting bushings, in view of the disclosures of Müller, is unimportant.

The decision of the Board of Appeals is affirmed.

Affirmed.